FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 0 2009

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09 - CV - 00823 BnB

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

MIGUEL FACUNDO-GUZMAN, No. 07603010,

    Applicant,

v.

UNIT (F2) OFFICER-IN-CHARGE,

    Respondent.

---

ORDER DIRECTING CLERK TO COMMENCE A CIVIL ACTION,
CONSTRUING HABEAS CORPUS ACTION AS A *BIVENS* ACTION,
AND INSTRUCTING APPLICANT TO CURE DEFICIENCIES

---

Applicant, Miguel Facundo-Guzman, is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at the United State Penitentiary in Terre Haute, Indiana. Mr. Facundo-Guzman filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He also submitted a Prisoner's Motion and Affidavit for leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court, however, has determined that the action is deficient for other reasons as described in this Order. Notwithstanding the deficiencies, the Clerk of the Court will be directed to commence a civil action. Any papers that Mr. Facundo-Guzman files in response to this Order must include the civil action number on the Order.

The Court has reviewed the Application and finds that Mr. Facundo-Guzman is asserting civil rights claims rather than habeas corpus claims. Mr. Facundo-Guzman

complains that his dinner trays are not well-prepared, and his cell is cold. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Facundo-Guzman will be directed to complete the proper, Court-approved form used for filing a Prisoner Complaint and submit the completed form to the Court if he wishes to pursue his claims. Mr. Facundo-Guzman must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Facundo-Guzman also will be required to submit to the Court a completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desires to proceed *in forma pauperis*. Otherwise, he will be required to pay the $350.00 filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the Clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971), rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Facundo-Guzman shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Facundo-Guzman, if he desires to proceed *in forma pauperis*, shall complete and file with the Court a Prisoner's Motion and Affidavit. In the alternative, he may pay the $350.00 filing fee in full. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Facundo-Guzman two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Facundo-Guzman fails to comply with this Order, **within thirty days from the date of this Order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Facundo-Guzman's claims until he has complied with this Order.

DATED at Denver, Colorado, this 8th day of April, 2009.

BY THE COURT:

BOYD N. BOLAND
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. '09-CV-00823

Miguel Facundo-Guzman
Reg. No. 07603-010
US Penitentiary Terre Haute
PO Box 12015
Terre Haute, IN 47801

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and the Prisoner Complaint forms** to the above-named individuals on \_\_4/10/09\_\_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk