IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 09-cv-00823-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MIGUEL FACUNDO-GUZMAN, No. 07603010,

MAY 2 9 2009

    Plaintiff,

GREGORY C. LANGHAM
CLERK

v.

UNIT (F-2) OFFICER-IN-CHARGE,

    Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff Miguel Facundo-Guzman is in the custody of the United States Bureau

of Prisons and currently is incarcerated at the United States Penitentiary in Terre Haute,

Indiana.  Mr. Facundo-Guzman initiated this action by filing a *pro se* Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  In an order entered on April 10,

2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a

civil action.

Magistrate Judge Boland, in the April 10, 2009, Order, found that Mr. Facundo-

Guzman is asserting civil rights claims rather than habeas corpus claims.  Mr. Facundo-

Guzman asserts that in the past he has been assaulted and nearly killed by gang

members.  He further contends that prison staff refuses to house him in different units

or facilities from gang members.  Mr. Facundo-Guzman seeks release from prison as relief.

Relying on **Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991), Magistrate Judge Boland construed the action as filed pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and instructed Mr. Facundo-Guzman to submit his claims on a Court-approved form used in filing prisoner complaints.  Mr. Facundo-Guzman also was instructed to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desired to proceed *in forma pauperis*.  Otherwise, he was directed to pay the $350.00 filing fee prior to proceeding in the action.

Mr. Facundo-Guzman now has failed to communicate with the Court, and as a result he has failed to cure the above-noted deficiencies within the time allowed.  Upon review of the § 2241 application form that Mr. Facundo-Guzman submitted, the Court finds, like Magistrate Judge Boland, that the claims Mr. Facundo-Guzman raises more properly are asserted in a prisoner complaint.  Therefore, the Complaint and action will be dismissed for failure to comply with Magistrate Judge Boland's April 10, 2009, Order by curing all noted deficiencies.  Accordingly, it is

ORDERED that the action is dismissed without prejudice for failure to cure the

deficiencies noted in the April 10, 2009, Order.

DATED at Denver, Colorado, this 28 day of _____ May _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00823-BNB

Miguel Facundo-Guzman
Reg. No. 06703-010
USP - Terre Haute
PO Box 12015
Terre Haute, IN 47801

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **5/29/09**

GREGORY C. LANGHAM, CLERK

By: _____
                   Deputy Clerk